OLSON, Respondent, vs. TOWN OF CURRAN and others, Appellants.

*December 15, 1908—January 5, 1909.*

*Highways: Establishment: Award of damages: Jurisdiction of town board: Equity: Adequate remedy: Exclusive remedy.*

1. Even though the order of the town board laying out a highway specifies all the land which the supervisors consider damaged, it is not necessary that it should specify all adjacent land which the board do not consider damaged or with regard to which the benefits may equal the damages.

2. Town supervisors, having jurisdiction to decide what lands were damaged by the laying out of a highway, decided that the only damages sustained by the plaintiff by reason of the taking of land and laying out of the highway were upon one of two forties of plaintiff's land. *Held,* if the town board were in error in so doing, that it was error within their jurisdiction, which resulted in an insufficient allowance, and plaintiff's remedy was by appeal under the provisions of sec. 1285, Stats. (1898).

3. In such case plaintiff is not entitled to equitable relief, not because he had an adequate remedy at law within the ordinary meaning of that expression, but upon the ground that the statutory remedy, in cases where it may be followed, is exclusive, and that a court of equity has no right to say that shall not be done which a valid statute authorizes to be done.

APPEAL from a judgment of the circuit court for Jackson county: E. RAY STEVENS, Judge. *Reversed.*

The appeal is from a judgment perpetually enjoining the supervisors of the town of *Curran* from opening a highway.

*R. S. Cowie,* for the appellants, cited, among other cases, *State ex rel. Dosch v. Ryan,* 127 Wis. 599, 106 N. W. 1093; *State v. Castle,* 44 Wis. 670; secs. 1270, 1285, Stats. (1898); *Tallman v. McCarty,* 11 Wis. 401; 1 High, Injunctions, §§ 579, 582, 594; *State ex rel. Jenkins v. Harland,* 74 Wis. 11, 41 N. W. 1060; *State v. Haas,* 52 Wis. 407, 9 N. W. 9; *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, 14 N. W. 273.

*G. M. Perry,* for the respondent, among other references, cited *Norton v. Peck,* 3 Wis. 714; *State ex rel. Andrews v. Oshkosh,* 84 Wis. 548, 54 N. W. 1095; Elliott, Roads & Streets (2d ed.) § 194*a; Orth v. Milwaukee,* 92 Wis. 230, 65 N. W. 1029; *Bigelow v. West Wis. R. Co.* 27 Wis. 478; *Leonard v. Rogan,* 20 Wis. 540; 1 Pom. Eq. Jur. (2d ed.) § 130; *Amis v. Myers,* 16 How. 492; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188; *Morris v. Ferguson,* 14 Wis. 266.

TIMLIN, J. This case is brought before the court only upon the pleadings, findings, and judgment of the court below. The complaint makes very broad claims of error and irregularity in the proceedings laying out the highway, but these are narrowed down by the findings, and the question for determination here is: Are the findings sufficient to support a judgment enjoining the opening of the highway?

A synopsis of the findings may be given as follows:

"The plaintiff owned the northwest quarter of the southwest quarter of section 33 and the southeast quarter of the southeast quarter of section 32 adjoining, and a parcel of land about four square rods in area in the southeast corner of the northeast quarter of the southeast quarter of said section

32, all in the town of *Curran.* The projected highway is wholly upon and crosses the northwest quarter of the southwest quarter of section 33, owned by the plaintiff, from north to south at the western boundary of said subdivision. No part of the highway is upon any part of plaintiff's land which is situate in section 32. All of plaintiff's land is used together for farm purposes, and the highway divides plaintiff's land lying in section 33 from his land lying in section 32. The board assessed damages upon separate parcels or government subdivisions of land owned by the person to whom the damages were assessed. The only damages awarded to plaintiff by the board were assessed upon said subdivision through which the highway was run. The board assessed no damages in favor of the plaintiff upon any property owned by the plaintiff in section 32. The board did not determine whether the plaintiff sustained any damages from the laying out of said highway so far as said land in section 32 was concerned."

This must have reference to the order awarding damages for the taking, incorporated into the complaint, from which we quote:

"We, the said supervisors, did, at the time of making said order, assess damages which such owners will severally sustain by reason of the laying out of such highway through their lands, and, having taken into consideration the benefits which each owner aforesaid may receive thereby, we award such damages as follows, to wit: . . . To *John Olson* and Charles Olson estate on N. W. ¼ of S. W. ¼ section 33, etc., we have assessed and hereby award the sum of $125 as such damages."

Sec. 1285, Stats. (1898), together with ch. 331, Laws of 1901, authorize an appeal from the award of damages either by the landowner in his own behalf or by other taxpayers in behalf of the town. It is not contended that the supervisors were without jurisdiction to lay out the highway in the instant case, but merely that by reason of the form of the award the supervisors did not consider the damage to the lands adjacent to the proposed highway and lying in section 32.

We are not disposed to acquiesce in this narrow construction of the terms of the award.    The highway is on the northwest quarter of the southwest quarter of section 33 and that subdivision was properly named in the award, and perhaps, to be strictly accurate, the award should specify all the land which the supervisors considered damaged.    But, even if we should say this was required, it cannot be that they must specify all adjacent land which they considered not damaged or with regard to which the benefits may equal the damages. The result is that the supervisors, having jurisdiction so to decide, did decide that the only damages sustained by the plaintiff by reason of the taking of land and the laying out of the highway were upon the northwest quarter of the southwest quarter of section 33.    In this they may have been in error; but for any error of this kind within their jurisdiction which results in an insufficient allowance, the plaintiff's remedy is by appeal, under sec. 1285, Stats. (1898).    The findings therefore present a case showing that the plaintiff was not entitled to the equitable relief awarded by the circuit court, not on the ground that he has an adequate remedy at law within the ordinary meaning of that expression, but upon the ground that the statutory remedy, in cases where it may be followed, is exclusive, and that a court of equity has no right to say that shall not be done which a valid statute authorizes to be done.    *Stone v. Little Yellow. D. Dist.* 118 Wis. 388, 393, 95 N. W. 405.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.