DENNIS J. FLYNN, Corporation Counsel, Racine County
You request my opinion relating to an interpretation of state reimbursement statutes for county mental hospital facilities. You note that the state is obligated to reimburse a county facility for three classes of patients, namely, those without a legal settlement who are state-at-large charges, those with a legal settlement in Racine County, and those patients with a legal settlement in another county. You further indicate that a different reimbursement formula exists for each class of patients as provided under sec. 51.08 (2) (3) and (4), Stats. Your specific question is whether sec. 46.106 (3), Stats., creates an obligation on the part of the state to make reimbursement for patients who are state-at-large charges and patients with legal settlement in Racine County prior to April 1 following the close of the fiscal year on June 30.
You acknowledge that the time of reimbursement for patients who have a legal settlement in another county is on April 1 as provided under sec. 46.106 (2), Stats. You indicate that the reason for the delay in reimbursement as to this class of patients may be attributable to the fact that there is a set-off procedure. Charges in favor of Racine County are subject to a set-off in favor of other counties treating patients with a Racine County *Page 411 
settlement. However, you state that sec. 46.106 (2), Stats., does not address itself to reimbursement for patients in the other two classes.
I invite your attention to sec. 46.106 (3). Stats., which reads as follows:
"STATEMENT OF COUNTY CLAIMS. On July 1 in each year the officer in charge of each county charitable, curative, reformatory and penal institution shall prepare a statement of the amount due from the state to the county for the maintenance, care and treatment of inmates at public charge on forms supplied by the department. Such statement shall cover the preceding fiscal year and shall give the name of each inmate whose support is partly or wholly chargeable to the state, and his legal settlement, the number of weeks for which support is charged and the amount due to the county from the state, itemized as to board, clothing, dental, burial, surgical and transfer. Said statement shall be verified by the officer making it and certified by the trustees of the institution to the department, and a duplicate thereof shall be forwarded to the county clerk. The department shall credit the county with the amount due the county for any recovery of maintenance and shall certify said statement to the department of administration, which shall pay the aggregate amount found dueeach county as provided in sub. (2)." (Emphasis supplied.)
The pertinent portion of sub. (2) of sec. 46.106, Stats., relating to the time of payment reads:
"* * * The department of administration shall make the first apportionment and payment on April 1, in each year, covering collections to and including March 22. The collections made after March 22 and through August 20 shall be apportioned and paid on September 1 following, and the final payment shall be made on December 1."
Thus, from a literal standpoint, it is readily apparent that the time for settling accounts is April 1. The settling of accounts includes payment, set-off procedures between counties, and set-off procedures between counties and the state. *Page 412 
As you have noted, a set-off procedure between counties is provided for under sec. 46.106 (2), Stats. A fair reading of that subsection also provides for a set-off procedure between the counties and the state. The pertinent portion of the subsection reads:
"* * * On July 1 in each year the department shall prepare a statement of the amounts due from the several counties to the state for the maintenance, care and treatment of inmates at public charge in state and county charitable, curative, reformatory and penal institutions for the preceding fiscal year * * *"
As previously quoted above, the subsection concludes with the directive that the time of apportionment and payment is April 1. While it can be argued from an equitable standpoint, that a county is entitled to reimbursement before April 1, the argument that the state is entitled to reimbursement from the counties before that date applies with equal force. Equity, of course, follows the law. A court of equity has no right to say that shall not be done which a valid statute authorizes to be done. Olson v.Curran (1909), 137 Wis. 380, 383 119 N.W. 101. The statute in this matter directs that the time for payment and apportionment between the state and the county and between counties relative to institutionalized persons is April 1. No earlier date is provided. Payment and apportionment as used in sec. 46.106 (2), Stats., includes set-off procedures and reimbursement as contemplated by the entire statute. As stated in State ex rel.Morse v. Christianson (1952), 262 Wis. 262, 266, 55 N.W.2d 20:
"* * * We feel that the act should be studied in its entirety and that an ordinary, common-sense meaning should be given to the various sections and to the words used therein and make them effective to carry out the general plan."
Accordingly, I am of the opinion that sec. 46.106 (3), Stats., does not create an obligation on the part of the state to make reimbursement for mental patients prior to April 1 following the close of the fiscal year on June 30.
RWW:WLJ *Page 413